IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

AUG 0 7 2007

JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

| | |
|---|---|
| TERRENCE L. JACKSON,<br><br>    Plaintiff,<br><br>v.<br><br>HINO MOTORS MANUFACTURING<br>U.S.A., INC.,<br><br>    Defendant. | X<br>X<br>X<br>X<br>X  No. 07-2500-An<br>X  3:07CV00108 JLH<br>X<br>X  This case assigned to District Judge Holmes<br>X  and to Magistrate Judge Deere |

ORDER TRANSFERRING CASE PURSUANT TO 28 U.S.C. § 1406(a)

On July 27, 2007, Plaintiff Terrence L. Jackson filed a <u>pro se</u> complaint under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5, and paid the civil filing fee. The Clerk shall record the defendant as Hino Motors Manufacturing U.S.A., Inc.

The general federal venue statute is inapplicable to Title VII actions.[1] Instead, Title VII contains its own venue provision, which provides as follows:

> Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter. <u>Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice</u>, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal

---

[1] By its terms, 28 U.S.C. § 1391(b) provides that the general federal venue statute is applicable "except as otherwise provided by law." See <u>Johnson v. Payless Drug Stores Northwest, Inc.</u>, 950 F.2d 586 (9th Cir. 1991).

> office. For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.

42 U.S.C. § 2000e-5(f)(3) (emphasis added).

This case appears to have no connection to the Western District of Tennessee apart from the fact that Plaintiff resides in this district. However, as the statute quoted above makes clear, the residence of the plaintiff has no bearing on the proper venue for a Title VII action. The complaint alleges that Plaintiff worked in Marion, Arkansas. Marion is located in Crittenden County, which is in the Jonesboro Division of the United States District Court for the Eastern District of Arkansas. 28 U.S.C. § 104(a)(3).

Twenty-eight U.S.C. § 1406(a) states:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

This action should have been brought in the Eastern District of Arkansas. Therefore, it is hereby ORDERED, pursuant to 28 U.S.C. § 1406(a), that this case is TRANSFERRED, forthwith, to the Eastern District of Arkansas, Jonesboro Division.

IT IS SO ORDERED this _2nd_ day of August.

> s/ S. Thomas Anderson
> S. THOMAS ANDERSON
> UNITED STATES MAGISTRATE JUDGE

2